# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 10-00943 |
| | ) | Chapter 7 |
| EARL W. SHIELDS, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |
| | ) | |
| LYON FINANCIAL SERVICES, INC. | ) | |
| d/b/a US BANCORP MANIFEST | ) | |
| FUNDING SERVICES, | ) | |
| | ) | Adversary No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EARL W. SHIELDS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO DENY DISCHARGE AND TO
## DETERMINE DISCHARGEABILITY OF DEBT

NOW COMES LYON FINANCIAL SERVICES, INC. d/b/a US BANCORP MANIFEST FUNDING SERVICES ("LYON FINANCIAL"), by and through counsel, and for its Complaint to Deny Discharge and to Determine Dischargeablity of Debt pursuant to Sections 523 and 727 of the Bankruptcy Code against Earl W. Shields (the "Debtor"), states as follows:

## BACKGROUND

1. This is an adversary proceeding objecting to the discharge of the Debtor and dischargeability of the debt owed by the Debtor to LYON FINANCIAL, under Sections 523 and 727 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 4007 and 7001(6). This Court has jurisdiction and venue pursuant to 28 U.S.C. 1334(b) and 1409(a). This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(I).

2. On August 28, 2008, LYON FINANCIAL obtained judgment against Integrated Portfolio Management, Inc., Liliana Shields and the Debtor in the amount of $389,250.72 in the Lyon County District Court, Minnesota, Case No. 42-CV-08-1178. The judgment arose from their default on certain lease agreements and personal guaranties.

3. On January 14, 2009, LYON FINANCIAL registered its foreign judgment against Integrated Portfolio Management, Inc., Liliana Shields and the Debtor in the amount of $389,250.72 in the Circuit Court of DuPage County, Illinois, as Case No. 09 MR 80.

4. On February 20, 2009, LYON FINANCIAL filed a citation to discover assets (the "Citation") against the Debtor.

5. On March 7, 2009, the Debtor was served with the Citation. See Exhibit A attached hereto.

6. Payments were made pursuant to Citation in the amount of $19,500.00.

7. On May 13, 2009, while the Citation was still pending, William Shields, father of the Debtor, deposited funds in the amount of $31,056.66 into his personal account at Tri City National Bank. See bank statements attached hereto as Exhibit B (redacted).

8. The Debtor represented at the Citation that the funds were received from the sale of certain real property in Arizona belonging to the Debtor.

9. Between May and July 2009, funds were withdrawn and returned by William Shields to the Debtor as directed by the Debtor.

10. On September 30, 2009, the Debtor appeared pursuant to the Citation and testified that he was expecting an IRS tax refund in an amount in excess of $100,000.00. The trial court entered an order directing the Debtor to "turnover any and all tax refunds from this date forward until

the judgment is satisfied" to LYON FINANCIAL.  See September 30, 2009 Order attached hereto as Exhibit C.

11. The Debtor's bankruptcy schedules filed January 12, 2010 indicate that the tax refund was received on November 6, 2009 in the amount of $77,500.00 and spent on personal matters.

12. At the 341 meeting on February 16, 2010, the Debtor represented to the Chapter 7 Trustee that the entire IRS tax refund in the amount of $77,500.00 was spent at a casino.  The Debtor further represented to the Chapter 7 Trustee that he was unable to produce any receipts or other records verifying that the loss occurred.  The Debtor also failed to identify any gambling losses in his Statement of Financial Affairs.  See 341 meeting transcript, p. 6-7, attached hereto as Exhibit D.

13. Prior to the bankruptcy filing, the Debtor also stated pursuant to the Citation that he directed a former employee to deposit the IRS tax refund check into her personal bank account and return the cash proceeds to the Debtor.

14. The Debtor is indebted to LYON FINANCIAL for the amounts set forth herein.

15. On January 12, 2010, the Debtor petitioned this Court for relief pursuant to Chapter 7 of the Bankruptcy Code, 11 U.S.C. Section 101, et seq.

## COUNT I
### Denial of Dischargeability - Section 727(a)(2)

16. LYON FINANCIAL realleges and restates Paragraph Nos. 1 through 15 as though fully set forth herein as Paragraph 16 of the Complaint.

17. Pursuant to 11 U.S.C. §727(a)(2), denial of discharge of the Debtor is warranted if the Debtor with intent to hinder, delay, or defraud a creditor has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or

concealed property either within one year prior to or after the commencement of the case.

18. The Debtor intentionally concealed his receipt of $31,056.66 from the sale of Arizona real property ("Sale Proceeds") in order to avoid the collection efforts of LYON FINANCIAL.

19. The Debtor failed to disclose his receipt of the Sale Proceeds to LYON FINANCIAL, despite being examined under oath regarding his assets pursuant to the Citation.

20. LYON FINANCIAL was entitled to seek entry of a turnover order for the Sale Proceeds pursuant to the Citation.

21. The Debtor was aware of LYON FINANCIAL's interest in the Sale Proceeds at the time he concealed and transferred the Sale Proceeds.

22. The Debtor with intent to hinder, delay or defraud creditors concealed and transferred the funds to his father in order to avoid the collection efforts of LYON FINANCIAL.

23. The Debtor intentionally concealed his receipt of the $77,500.00 IRS tax refund (the "IRS Refund") despite the Citation order dated September 30, 2009 requiring the Debtor to turnover the funds to LYON FINANCIAL.

24. Pursuant to the turnover order, the IRS Refund was the property of LYON FINANCIAL.

25. The Debtor was aware of LYON FINANCIAL's interest in the IRS Refund at the time he concealed and transferred the IRS Refund.

26. The Debtor is the former president of a collection agency and, accordingly, is familiar with post-judgment collection proceedings.

27. The Debtor knowingly and wilfully failed to comply with the September 30, 2009 turnover order requiring him to surrender the IRS Refund to LYON FINANCIAL.

28. The Debtor with intent to hinder, delay or defraud creditors concealed and transferred the IRS Refund to his former employee in order to avoid the collection efforts of LYON FINANCIAL.

29. The Debtor concealed his receipt of the Sale Proceeds and IRS Refund within one year prior to the commencement of his bankruptcy case.

30. At the time that the Debtor concealed and transferred the Sale Proceeds and IRS Refund, he was indebted to LYON FINANCIAL as set forth herein.

31. The damages to LYON FINANCIAL were foreseeable and resulted from the Debtor's concealing and transferring the Sale Proceeds and IRS Refund.

32. The Debtor only acknowledged his receipt of the Sale Proceeds and IRS Refund after the funds were exhausted for his personal benefit. The Debtor claims the Sale Proceeds and IRS Refund are no longer in his possession and control.

WHEREFORE, LYON FINANCIAL SERVICES, INC. d/b/a US BANCORP MANIFEST FUNDING SERVICES respectfully requests that this Court deny the discharge of the Debtor pursuant to Section 727(a)(2), and grant such other and further relief as is just and equitable.

## COUNT II
### Denial of Dischargeability - Section 727(a)(5)

33. LYON FINANCIAL realleges and restates Paragraph Nos. 1 through 32 as though fully set forth herein as Paragraph 33 of the Complaint.

34. Pursuant to 11 U.S.C. §727(a)(5), denial of discharge of the Debtor is warranted if the Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtor's liabilities.

35. The Debtor claims the Sale Proceeds and IRS Refund are no longer in his possession and control and were exhausted for his personal benefit.

36. The Debtor's Petition, Schedules and Statement of Financial Affairs do not disclose how the Sale Proceeds were spent or otherwise disposed in the year prior to the filing of the bankruptcy case.

37. The Debtor represented to the Chapter 7 Trustee at the 341 meeting that he was unable to produce any receipts or other records verifying that the IRS Refund was gambled at a casino. The Debtor also failed to identify any gambling losses in his Statement of Financial Affairs

38. The Debtor has failed to satisfactorily explain the loss of Sale Proceeds and IRS Refund.

WHEREFORE, LYON FINANCIAL SERVICES, INC. d/b/a US BANCORP MANIFEST FUNDING SERVICES respectfully requests that this Court deny the discharge of the Debtor pursuant to Section 727(a)(5), and grant such other and further relief as is just and equitable.

### COUNT III
### Debt Is Non-Dischargeable Under Section 523(a)(6)

39. LYON FINANCIAL realleges and restates Paragraph Nos. 1 through 38 as though fully set forth herein as Paragraph 39 of the Complaint.

40. Pursuant to 11 U.S.C. §523(a)(6), the discharge of a debt will be denied for the willful and malicious injury by the Debtor to another entity or to the property of another entity.

41. LYON FINANCIAL was entitled to seek entry of a turnover order for the Sale Proceeds pursuant to the Citation.

42. The Debtor was aware of LYON FINANCIAL's interest in the Sale Proceeds at the

time he concealed and transferred the Sale Proceeds.

43. Pursuant to the turnover order dated September 30, 2009, the IRS Refund was the property of LYON FINANCIAL.

44. The Debtor knowingly and wilfully failed to comply with the September 30, 2009 Order requiring the Debtor to surrender the IRS Refund to LYON FINANCIAL.

45. The Debtor deliberately and intentionally injured LYON FINANCIAL by failing to turnover the IRS Refund as required by the September 30, 2009 Order.

46. The Debtor spent the IRS Refund at a casino in violation of the September 30, 2009 Order.

47. LYON FINANCIAL has been damaged as a result of the Debtor's deliberate and intentional conduct with regard to the Sale Proceeds and IRS Refund.

WHEREFORE, LYON FINANCIAL SERVICES, INC. d/b/a US BANCORP MANIFEST FUNDING SERVICES respectfully requests that its judgment against the Debtor in the amount of $389,250.72, less $19,500.00 received, plus interest, attorneys' fees and costs be determined to be non-dischargeable, that this Court make any such further orders as necessary to protect or effectuate such judgment, and grant such other and further relief as is just and equitable.

LYON FINANCIAL SERVICES, INC. d/b/a US
BANCORP MANIFEST FUNDING SERVICES,

By:  s/ C. Randall Woolley
Alex Darcy, Esq.
C. Randall Woolley, Esq.
Askounis & Darcy, P.C.
401N. Michigan Ave.
Suite 550
Chicago, IL  60611
(312) 784-2400 Telephone

7

(312) 784-2410 Facsimile
adarcy@askounisdarcy.com
rwoolley@askounisdarcy.com

U:\Clients\Lyon Financial Services\First Credit Services-Stanley Weinberg\Earl Shields\Objection to Discharge.wpd